UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ELECTRICAL CONSTRUCTION INDUSTRY
PREFUNDING CREDIT REIMBURSEMENT PROGRAM, et al,

        Plaintiffs,

    v.                                      Case No. 24-cv-0576-bhl

3 TIER ELECTRIC LLC,

        Defendant.

---

## ORDER GRANTING DEFAULT JUDGMENT

---

        Despite accepting service on May 22, 2024, Defendant 3 Tier Electric LLC has never appeared in this case. (*See* ECF No. 5.) As a result, on July 25, 2024, the Clerk of Court entered default pursuant to Federal Rule of Civil Procedure 55(a). On August 22, 2024, Plaintiffs moved for default judgment under Federal Rule of Civil Procedure 55(b)(2) and asked the Court to order Defendant to serve on Plaintiffs a list of its accounts receivable and submit to an audit of its books and records for the relevant period. (ECF No. 11.) The Court held a hearing on October 16, 2024 and granted Plaintiffs' motion, concluding that Defendant's default renders it liable to Plaintiffs and ordering it to comply with Plaintiffs' requests. (ECF No. 14.) Defendant did not appear at the hearing and subsequently failed to comply with the Court's order. (*See* ECF No. 16 ¶8.) On December 16, 2024, at the Court's direction, Plaintiffs submitted a report providing a comprehensive breakdown of their requested damages, with supporting evidence. (ECF No. 16.) Because the report and accompanying evidence sufficiently establish the amount of damages at issue, the Court will enter default judgment against Defendant without a hearing on damages.

        The Employee Retirement Income Security Act of 1974 (ERISA) requires employers to contribute to employee-benefits funds pursuant to the terms of a collective bargaining agreement. 29 U.S.C. § 1145. In the event an employer fails to fulfill its obligation, a participant or beneficiary may commence litigation. 29 U.S.C. § 1132(a)(1)(B). Section 1132(g)(2) details the allowed recovery for a Section 1145 violation. Failure to make contributions results in an award of the

unpaid contributions, interest on the unpaid contribution, either interest on the unpaid contributions or liquidated damages not to exceed 20% of the unpaid contributions, reasonable attorneys' fees and costs, and any other legal or equitable relief as the Court deems appropriate. § 1132(g)(2).

Under Rule 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). In cases alleging a violation of ERISA, the plaintiff can prove definite figures through submission of affidavits or declarations authenticating collective bargaining agreements, audits, and itemized billing statements showing attorney's fees and costs. *See Trs. of Cent. Laborers' Pension, Welfare & Annuity Funds v. Robinson*, No. 08-454-DRH, 2008 WL 5191761, at *2 (S.D. Ill. Dec. 11, 2008); *Wis. Sheet Metal Workers Health & Benefit Fund v. CC Installations, Inc.*, No. 11-C-641, 2011 WL 5404035, at *2 (E.D. Wis. Nov. 7, 2011); *N. Cent. States Reg'l Council of Carpenters' Pension Fund v. Ceiling Constructors, Inc.*, 14-cv-701-bbc, 2015 WL 12585908, at *1 (W.D. Wis. Mar. 12, 2015). Where an employer has failed to provide records as statutorily required, the Court may accept a reasonable estimation of the damages owed. *Trs. of N.E.C.A. v. Mausser*, No. 18-cv-04045-sld-jeh, 2023 WL 6200057, at *3 (C.D. Ill. Sept. 22, 2023) (citing *Trs. Of Chi. Plastering Inst. Pension Tr. v. Cork Plastering, Inc.*, No. 03 C 6867, 2007 WL 6080197, at *23 (N.D. Ill. Aug. 27, 2007)).

In this case, the complaint alleged that Defendant failed to remit all required contributions to Plaintiffs' benefit funds in violation of ERISA. (ECF No. 1 ¶9.) Plaintiffs have submitted declarations, remittance receipts, the relevant agreements, and an itemized statement of attorney's fees and costs. (ECF Nos. 16 & 17.) Due to Defendant's failure to submit to the Court-ordered audit, Plaintiffs' have estimated the amount of unpaid contributions by averaging the contributions from Defendant's last three monthly remittance reports from September 2023 through November 2023. (ECF No. 16 ¶¶10–17.) The Court finds that this is a reasonable estimation of the unpaid contributions owed. *See Trs. of N.E.C.A.*, 2023 WL 6200057, at *3. Based on these submissions, Plaintiffs request $40,889.19 for unpaid contributions; $3,000 in liquidated damages; $4,214.41 in interest; and $11,109.50 in attorney's fees and costs, totaling $59,213.10. (ECF No. 16 ¶¶13–24.) The documentary evidence sufficiently substantiates this sum.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2), ECF No. 11, is **GRANTED**. Plaintiffs are awarded damages totaling $59,213.10, including $40,889.19 in unpaid contributions, $3,000 in liquidated damages, $4,214.41 in interest, and $11,109.50 in attorney's fees and costs. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on March 12, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge